Now have two cases being heard in tandem. Carmen Perez-Dickson v. Bridgeport Board of Education, both cases. We'll hear the parties now. Ms. Miller, the two cases are being heard in tandem. They're not formally consolidated, but do you want to argue both of them all at once? Yes. Do you want to reserve any time for rebuttal? One minute. One minute? Okay, so if we set the time up for counsel accordingly. Thank you. May it please the Court, my name is Josephine Smalls Miller, and I represent the plaintiff in this matter, Carmen Perez-Dickson. As the Court is aware, this is an employment discrimination and retaliation lawsuit. It arises out of a situation where my client, Ms. Perez-Dickson, had been a school administrator for over 25 years in the Bridgeport Board of Education. In the year 2012, she was placed on administrative leave with pay as a result of a number of instances where it was alleged that she was involved in conduct that might be considered abusive towards two students within the school where she was principal. There were a number of counts alleged under Section 1983, Section 1981, under the Connecticut Fair Employment Practices Act, and under a Connecticut statute, an anti-retaliation statute, which is Section 3151Q. And that is a statute which says that if an employee speaks out on a matter of public concern and is thereafter disciplined or discharged as a result of that speech, then the employer may be subject to a claim of having violated that statute. Ms. Perez-Dickson. With respect to the race discrimination claims, what evidence is there in the record that race was a motivating factor? The evidence that we sought to present was that Ms. Perez-Dickson, having been a school administrator herself for over 25 years, was aware that the past practice within the district was that whenever there was an allegation of student abuse, that there was first an inquiry made of the immediate supervisor as to whether or not the person should even be placed on administrative leave, whether it was with or without pay. In the instance where Ms. Perez-Dickson was placed on leave, that pattern and practice was not followed. Contrary to what happened with Ms. Perez-Dickson, there was evidence that in the past, those individuals were not in the same race as Ms. Perez-Dickson. The district court thought that her evidence of comparators was not sufficient, and based that on the fact that most were accused of a single act of abuse, not the multiple acts charged to the plaintiff, and that one of the acts charged to the plaintiff was preserved on videotape. So why would that not have been a reasonable conclusion for the district court that, in the face of such evidence of multiple charges, they didn't have to go through that preliminary step? They could put her on administrative leave with pay while the investigation went forward? Well, Your Honor, there are two issues that I think the court has to look at. First, there is the discrimination claim, but then there is also the separate retaliation claim. We'll get to that separately, but let's take the race claim first. As you said, the district judge did not think that there were sufficient comparators. You're saying people were treated differently, but the district judge thought the comparators were not similarly situated. Why shouldn't we find that a correct ruling? Well, part of the problem that we have is that the plaintiff in this case was not permitted to adduce the evidence through the discovery process. This is the deposition issue. The deposition issue, that's correct. First of all, the court severed much of the factual evidence, the most significant portion of the evidence being that there was this subsequent six-month unpaid suspension. But that's a different claim. Now we're talking about whether putting her on administrative leave pending the investigation was discriminatory. And if you want to tell us what there is to support that part of the claim, that's what I'm asking you now. Then you certainly can move to the other parts of the claim. Is there any basis to think that putting her on administrative leave with pay, pending the investigation, was racially based? Well, the testimony of Ms. Perez-Dixon herself, to the extent that there was always this initial examination, and it did not happen in this instance, even though others who were not of the same race. Was she testifying to or was there other evidence presented to the other prior incidents? When did they occur? How serious were they? Were they on videotape? Is there any such evidence in the record? There was not evidence of any other videotaped instances of student abuse. It was based upon her affidavit testimony and her prior experience as an administrator within the district. Okay. Now you said you have retaliation claims and then the claim about being put on leave without pay. So why don't we let you talk about those? This issue is the central issue why we believe that the procedural posture of this case is rather unusual. And that is that effectively what the court, the district court, did was to split the cause of action. The complaint was initially filed in February of 2013. It was amended three times thereafter with permission of the court. The third amendment occurring in August of 2013. And it was at that time that the plaintiff amended her complaint to include the fact that she had now been placed on a six month unpaid suspension. As well as the defendant having engaged in actions that resulted in an administrative review of her license suspension as an administrator. It appears to us that the court made an error in determining that the six month unpaid suspension should no longer be part of the complaint. It had been alleged in August. The defendants filed a motion seeking to dismiss only two counts of the complaint. And the magistrate who was involved in handling discovery issues erroneously decided that the third amended complaint, which had been filed well before that amendment that brought in these new claims, decided that it wasn't part of the case. There's nothing in the record to show that the district court judge had dismissed the entire case requiring a repleting by the plaintiff. He merely dismissed two counts. Not the factual counts involving the six month unpaid suspension or the license revocation issue. Let me ask you, assume for a moment that we were to affirm the district judge on the first case, the first appeal you bring, the dismissal of the, or the award of summary judgment on the race discrimination and retaliation claims about the investigation. This claim about putting her on unpaid leave. What other evidence do you have of race discrimination to support that? Assuming that we find summary judgment warranted on the preliminary leave with pay. Well, the evidence that we were permitted to present, and that's a caveat because- How do you have a basis for a good faith pleading that putting her on leave without pay after she was found to have abused children would be racially discriminatory? Well, we presented evidence. One was an affidavit from a minor student who was in one of the elementary schools in the Bridgeport district, which showed an instance where he himself was physically abused by an assistant principal. That was direct testimony from that young student. And the evidence was that despite an actual intentional physical abuse of that student, the same chief administrative officer for the district, Dr. Sandra Case, was aware of that instance and did not even make any attempt to report that assistant principal to DCF for any kind of investigation. That individual was of a- Based on videotape. I mean, we're comparing her circumstance to something where there are going to have to be credibility decisions made between someone who says there was abuse and someone who denies it. Your client is disciplined based on a videotape. So how are you going to say that disciplining someone who's depicted on the videotape doing what your client was doing, that that's racially discriminatory? Even what was depicted in that videotape was subject to factual questioning by those who were considering that information. On the one hand, the district claimed that my client was deliberately dragging the student with a malicious intent. The evidence, however, was that she was faced with a situation where there was no assistance for her from the security officers who were there at that school and was placed in a position of having to physically remove the child from a classroom when the child refused to get up. There was also evidence that it was somewhat of a game between her and this young student. When she asked that the student get up and walk with her to the office, she said, if you don't get up and walk with me, I'm going to have to slide you. And that had been some discussion between her and this student in the past. And the response of the student was, slide me, Ms. Dixon, because the child thought it was a game. So even the factual conclusions to be reached from what was shown on that videotape was a question of fact. With regard to the... Don't we defer to the school district in resolving that? Beg your pardon? Don't we defer to the school district in deciding that? I mean, you're not disputing that the conduct could be viewed as abusive. You're saying there's another explanation. That's not a matter in the first instance for the federal court. That's a matter for the school district. But the manner in which the school district handled this matter was such that they permitted evidence to come from the district itself, but refused that opportunity to my client to present evidence and to go through the discovery process. Why you wanted to depose Mr. Case? We thought that it was essential because Dr. Case was aware of at least one other instance where a student was actually physically assaulted by someone who was a comparator, because they were an assistant principal, and didn't even make a complaint to the Department of Children and Families for investigation. How do we read your notice of appeal to challenge the discovery ruling? Because it seems to me that that's in a distinct order. Where do you think that your notices of appeal preserve an appeal of the discovery ruling? Well, the notice of appeal said that we were appealing the decision of the district court to granting summary judgment. The motion to dismiss on September 10th, but okay. However, the district court's decision specifically spoke to these procedural issues. It addressed the issue of the inability to depose Dr. Case. Right, so that's in the January 25th order. Okay, thank you. Thank you. Counsel? Good morning, Your Honors, and may it please the Court. I'm Adam Mochiolo with the law firm of Pullman & Cumley, and I represent the defendants and appellees, the Bridgeport Board of Education, Dr. Case, and Mr. Vallis. Other than Your Honor's questions, my clients are prepared to stand on their briefs. How do you think the district court could dismiss the complaint about conduct occurring after the third filing of the third amended complaint? I'm not sure I understand the question, Your Honor. Well, the district court dismissed what I'll call Perez-Dixon II on the grounds that it was duplicative of the proposed fourth amended complaint. But the district court didn't allow the fourth amendment complaint to be filed. It treated the third amended complaint as the operative complaint. If I understand it correctly, what the plaintiff is suing on in Perez-Dixon II is being placed on unpaid suspension and then various other return to work challenges, none of which could have been asserted in the third amended complaint because they happened thereafter. And I'm not sure how you can justify not allowing that to proceed. I mean, we've sometimes said in cases that you can refuse to allow amendment of a complaint, but that's separate from whether you could allow the timely filing of a separate complaint. Thank you for the clarification, Judge Ratzke. It is the claim preclusive effect of the proceedings in the first case that render the complaint in the second case. How is it preclusive? The fourth amended complaint was not allowed to be filed. So how is that a preclusive ruling? In two ways, Your Honor. First, mechanically, procedurally under this court's decision, the Davis matter cited in our brief, the panel including Your Honor, there is a distinction between Davis and the Curtis matter also cited in our case. Is it correct that the magistrate judge says by agreement the third amended complaint is the operative complaint, but then it gives the plaintiff permission to file a motion for a further amendment, correct? That is correct, Your Honor, and that's where I was headed. Did that happen? Did the plaintiff make a motion for leave to file another amended complaint? She did not, Your Honor. On the deadline for her to seek such leave, she instead simply filed a purported amended complaint unaccompanied by. Did that purported amended complaint include the allegations regarding the suspension without pay? It did. And that perhaps relates to the answer I was attempting to give the court's question earlier about the claim preclusive effect. Recall that the third amended complaint, pardon me, recall that there are two complaints termed fourth amended. There was one that was operative through the summer of 14, 2014, that was the subject of the motion to dismiss that immediately preceded the status conference we've been discussing. And then there was the purported fourth amended complaint. I thought it was the third amended complaint that was treated as the operative. There was, Your Honor. And prior to that, there had been a fourth one, was subject to my client's motion to dismiss. That motion to dismiss was decided shortly before this status conference. And that- The denial of a motion to amend will not inevitably preclude subsequent litigation. Only denial of leave to amend on the merits precludes subsequent litigation. And I thought here, as in our precedent, the denial of leave to amend was not based on the merits but on the procedural ground of untimeliness. It was denied on the procedural ground of untimeliness. That is correct. And so why does that automatically mean that there's preclusion here? I understand your frustration with the claims, but to the extent this was dismissed as precluded, I'm not sure what authority says so. So under this court's precedent, Curtis, Your Honor- Yes. This is, in effect, facts that happened after the filing of the complaint because the first- pardon me, before the filing of the complaint because the first fourth amended complaint, the one that had been operative earlier in 2014, contained these allegations. And then, by not, to Judge Chin's question, taking advantage of the opportunity to correct the purported mistake in the judge's order, noting that the third amendment complaint was operative, the plaintiff, in effect, relinquished those factual allegations. So there was a point at which, my point is this, said more concisely, there was a juncture in this case at which there existed a filed complaint that had been accepted by the court, and that was for some period operative and before the court, that included the allegations about the second unpaid suspension. And then what happened to that complaint? That complaint was taken out of operation- Withdrawn by the plaintiff? No, Your Honor. How did it get taken out of operation? By virtue of the Magistrate Fitzsimmons' directive at the December 2014 status conference that the third amended complaint would be the operative one. Right. So the third amended complaint is the operative complaint in connection with Perez-Dixon 1. Yes, Your Honor. So there was never any merits ruling on these prior pleadings that are duplicative? There was not, Your Honor, but under the Curtis precedent, and I want to address a separate precedent that gives a distinct reason why they're duplicative, but sticking strictly to Curtis for the moment. Under Curtis, the failure to amend as to facts that existed at the filing of the action can itself give rise to preclusion, even when there's not a- I didn't mean to include them. She was told she couldn't. She was out of time. As I said, I well understand your frustration here, but preclusion has certain requirements, and I'm trying to see how they're satisfied here. She did try to amend, and she was told she was out of time. She did so on time, Your Honor, and what I'm suggesting is that the presence of those allegations in the complaint, in the first Perez-Dixon case, at an earlier juncture, suggests there's a very unusual situation. There isn't a precise analog to it anywhere in the precedents, I think I should say, but suggests that the posture is like that in Curtis, in that, in some sense, this case was filed, or at least the operative complaint that the court ended up with at the end of the proceedings was filed after the second unpaid suspension. But that's not to say that the complaint is treated by the court, pronounced by the court to be the operative complaint, when summary judgment is granted, right? That is correct, Your Honor. Anything else? Yes. As to the Davis precedent, Your Honor, we suggest that to the extent Curtis doesn't apply, Davis does because the operating principle of Davis, that this was one similar complex of facts, and therefore that the litigants should have reasonably expected all of the issues to be tried together, also renders the second action duplicative with the first. Thank you. Thank you. Ms. Miller, you reserved a minute for rebuttal. Your Honor, I think it should be pointed out to the court that with regard to the order of the magistrates to file any amendment to the complaint after the erroneous striking of the fourth amended complaint, these were her words. She said, if the plaintiff seeks to add claims, then she must file a motion for leave to amend the third amended complaint. As I understand it, Ms. Miller, the third amended complaint was filed on October 13, 2013? That is correct. Your client was suspended without pay thereafter? She was suspended without pay on October 31st, so that in August of 2014 when the complaint was amended and it became the fourth amended complaint, we already had these claims in the complaint. In light of that fact, it was deemed by plaintiff that we were not really adding a claim. We were simply reinstating what the district court and the magistrate had erroneously removed. It doesn't make any sense that we would have agreed to go back to an earlier version of the complaint that did not include these claims of the unpaid suspension. The magistrate judge said the third amended complaint is operative, but if plaintiff wants to amend, she can do so by a certain date. Okay. Right? And we did do that. You made a motion by the date that the magistrate judge said? It wasn't done by motion, but it was done by the proposed amended complaint. But I think the court has to look at the fact of why is it that the magistrate and then the district court judge decided to go back to an earlier version of the complaint, taking out something that not even the defendants had asked for. The defendants had not asked for the new claims of the unpaid suspension and the license revocation to be removed. That was something that was just kind of done sui sponte by the court. I think your point is that it may be many things. It may be claim preclusion at the end, but it's not duplicative because there's an operative complaint and the events that are in the fourth complaint, Perez-Dixon 2, followed that operative. That is correct. Our position is that they can't have it both ways. The district court judge on the one hand said it can't amend it to put these claims back into the complaint, but then also said we can't bring it as a new complaint. Just one additional point that I wanted to make, and that is that there is certainly a distinction between what is prima facie evidence of a discrimination complaint and a retaliation complaint. Under this court's jurisdiction, as it relates to retaliation matters, both under Burlington Northern as well as the court's decision in Zelling, it is a very, very different kind of analysis that one has to do in terms of deciding whether or not plaintiff has met her burden of proof. By us being precluded from ever bringing before the court the evidence which plaintiff had with regard to retaliation, that was something that was never permitted to us. Thank you. Thank you. We're going to take matters under advisement. Thank you.